MACIK et al. v. GARRETT. (No. 612.)

(Court of Civil Appeals of Texas. El Paso. Oct. 19, 1916.)

VENDOR AND PURCHASER ☞315(3) — ACTION FOR PRICE—ASSUMPTION OF NOTES.

In an action on notes for part payment of land, based as to one defendant on his alleged assumption thereof on his purchase of the land from another defendant, evidence that the land had not been deeded to him, but he had merely taken and forfeited an option, *held* insufficient to show his assumption of the notes.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 931; Dec. Dig. ☞ 315(3).]

Appeal from District Court, Burleson County; Ed. R. Sinks, Judge.

Action by Jesse Garrett against J. F. Macik and others. Judgment for plaintiff, and defendant Mikeska appeals. Affirmed as to the named defendant and another, and reversed and rendered in favor of defendant Frank J. Mikeska.

C. S. Williams, of Caldwell, and W. W. Searcy, of Brenham, for appellant. A. B. Gerland, R. J. Alexander, and Jesse Garrett, all of Caldwell, for appellee.

HARPER, C. J. Appellee instituted this suit against J. F. Macik, Frank J. Mikeska, and Joe Elsik on nine promissory notes amounting to $3,750. The notes were executed by Macik payable to Jesse Garrett in part payment for 100 acres of land.

As to the cause of action against appellants, appellee set up that after the sale of the land to Macik he (Macik) sold to Mikeska, and that in the deed, as a part consideration, Mikeska, as a part payment of the purchase price, assumed the payment of the said notes from 2 to 9, inclusive. Appellant denied that he purchased the land or assumed the notes. Tried before jury, and verdict and judgment rendered for appellee against the defendants Macik and Mikeska. Mikeska appeals, and urges that the court erred in not instructing verdict for him in two as-

signments, upon the grounds that the evidence is not of such probative force as to be the basis of a judgment against him, in that there is no evidence that Macik ever executed a deed to him for the 100 acres, nor any evidence that he assumed the payment of the notes sued upon.

In order to sustain this judgment against appellant, Mikeska, there must be affirmative evidence that Macik, appellee's immediate grantee, sold to appellant the land in controversy, executed a deed to him, i. e., that a deed was prepared, signed, acknowledged, and delivered to Mikeska, and that Mikeska agreed as a part consideration for the conveyance to pay the notes to appellee which Macik had theretofore made.

There is evidence that a deed was prepared, and that it recited the consideration to be some cash and the assumption of the notes sued on, but there is no evidence that it was executed by Macik. Macik testified:

"I am the one that bought a place from Mr. Garrett. I don't know anything about Mr. Garrett preparing a deed from myself and wife to Frank J. Mikeska. I heard it was prepared. I didn't see it. Myself nor my wife have never made a deed and acknowledged it before any one nor delivered it to Mikeska. I signed this instrument (an option contract then introduced in evidence which provided that in case of failure of Mikeska to take the land, he forfeited $250)."

Mikeska testified that he took an option on the land as stated by Macik, and that he did not close the deal, but forfeited his $250, rather than to take the land at the price fixed. There was no deed produced in evidence, none on record, nor is there any evidence that such a deed as contended for by appellee was acknowledged.

Appellee contends that the circumstances are sufficient to sustain the verdict of the jury that such deed was executed. Having carefully examined the entire statement of facts, we conclude that there is no evidence upon the matters above enumerated to be essential to plaintiff's cause of action upon which to base a judgment.

The facts appear to have been fully developed upon the trial, so the cause will be affirmed as to Macik and Elsik, and reversed and judgment here rendered in favor of appellant, F. J. Mikeska.